Call the next case. St. Clair County Sheriff's Department v. Workers' Compensation Commission 5110016. Council, please. May it please the Court, my name is Rod Thompson. I represent St. Clair County Sheriff's Department for this matter. I hope your honors are in good health and good spirits and that you remain in good health and good spirits for the next 10 to 15 minutes. I know the last case of the docket. Who else? Your argument is cogent and penetrating. Very good, sir. I hope it is, too. I know also there's another carpal tunnel case. You're probably tired of hearing about carpal tunnel cases. But this one is a little bit different. It involves, in St. Clair County, the only carpal tunnel case that we've ever had, similar to the carpal tunnel cases out of Menard. So it does have a little relevance with regard to political activities occurring in the corners of Cummings. Is that in the record somewhere, that this is the only carpal tunnel case that you're arguing? No, it's a reasonable inference, Justice Stewart. Go ahead. In any event, I believe, and I'm not just asking you to substitute your judgment for that of the commission, because I think you can. I'm asking you to do that because there is insufficient evidence in the record to support the decision, number one. And as I'm sitting here listening to the arguments, it could be also that this decision should be reversed, because it is contrary to law that perhaps you just issued, and it seems like everyone has spoken about this one, with regard to the Baldwin v. Industrial Commission case that you decided just recently. The reason I say that is this. There are two opinions, Dr. Murley and Dr. Strecker. It's clear that Dr. Strecker had more information about what this employee did, given to him directly by the employee, than did Dr. Murley. When Dr. Murley saw this individual, what did he have? He testified that he knew he was a sheriff's deputy. He testified that he knew he was right-handed. He testified that he had reviewed a job description prepared by the employee indicating that he opened and closed jail cell doors that weighed 200 pounds and locked and unlocked jail cell doors every 30 minutes for 12 hours. But that's all that he knew, and that's all that he ever knew based upon the time of this testimony. He also testified to various things that he thought that would be important in determining whether there's a causal connection between the employment activities and carpal tunnel. What Dr. Murley said he did not know, he said he did not know if Mr. Lopretta was a road deputy or a jail officer. He did not know what his outside hobbies were. He did not know his prior work history. He did not know how long Mr. Lopretta had worked for the county before the onset of his symptoms. He did not know what kind of force was required to open and close jail cell doors. He did not know how many doors he would open and close during the course of the shift. He did not know the twisting motion that Mr. Lopretta had to use to lock and unlock doors. He did not know the door styles. He did not know if the doors had handles with which to open them. And he did not know the shape of the key used by Mr. Lopretta. Based upon all of that lack of information, which he even calls his own paucity of knowledge, he still testified in his opinion that there might or could be a contribution factor from the work activities to his carpal tunnel syndrome. However, immediately after he says that, he refines it by calling it the possibility of contribution. And that's why I said in my brief that words should mean something. When he talked about it, he explained to himself the possibility of contribution. The arbitrator makes their decision also on the chain of events. That's correct. And so couldn't the decision be based on the combination of the chain of events as well as the doctor saying it might or could have contributed to cause his injury? It could have. But there was also evidence in the record regarding him being obese and having high blood pressure and what effect that has with regard to the development of carpal tunnel syndrome on an idiopathic basis. As I was saying, with regard to... If it could be based on a combination of the chain of events and the doctor's opinion, then wouldn't we have to substitute our judgment in a commission to reverse the decision? Well, with regard to the chain of events thing, I don't even believe that there's enough evidence there to establish anything. Sure, it's based upon the chain of events, but there was really no testimony as to all the other things that Dr. Murley even thought would be important in reaching an opinion about medical causation. And so if Dr. Murley can't really render an opinion, how can the arbitrator do so on the basis of the chain of events? Well, there was testimony, was there not, that he had no prior problems before this job, that he had at least 480 times a shift when he was working in the jail, and to unlock the doors, that the doors weighed 200 pounds, that he had to yank them open at times, et cetera, et cetera. All that was in the record. Oh, absolutely, absolutely. But Dr. Murley didn't have any of that information available. What I'm saying is that based upon the recent decision in Baldwin, you said that if a person testifies to a mere possibility, that's not good enough. You said that the person testified that she might have had moisture on her shoe,  but you said that's not enough. You also went on to say that for the commission to draw an inference that moisture might have been on her shoes due to walking through the freezer would be pure conjecture. So we have possibility not being enough, also with the statement saying that relying upon possibility would be pure conjecture. That's what I'm saying in this case, is that all we have is a possibility by the doctor's own testimony, and that is not good enough from your standard. Also, in the County of Cook case, where the doctor only testified, it's no more than a possibility with regard to the relationship of bringing in the resident to the county clerk's duties, lifting books, and then getting up and pushing himself away from the test. Well, why does the case get to – I'm trying to clarify your position. I think you're making logical sense, of course, but I'm trying to clarify the position, as Justice Stewart has alluded to, the chain of events. You don't need expert testimony, medical testimony. That's correct. Correct? We agree with that. That's a long, well-held, settled position. All the medical experts, as I understand, who examined the claimant in this case, all of them agreed he was suffering from carpal tunnel syndrome in his right hand. Yes, sir. He had no history before he started working at the jail. As far as I know. So why can't the commission find that it was work-related? I don't think that this case, based upon the facts that were presented, is the type that would lend itself easily to a chain of events analysis. Why? His job duties were defined in the table. The testimony of the physicians, I think, is more key in this than just merely him testifying as to his carpal tunnel. We know that he also had other conditions that could have resulted in the same thing. Now, again, can the commission make a chain of events analysis? Absolutely. Absolutely. I just don't believe that it's really applicable in this situation. And also, I was really focusing in on the possibility aspect of the matter. I believe that the medical testimony should take precedence over the other testimony in determining this particular case. Thank you. Thank you. Counsel, please. May I please report? Counselor? Kirk Capone for the FLE. Kenneth Lopretta. Our position is simple and brief. This is a manifest way to the evidence case. Dr. Murley was given a job description at the time of the deposition that was consistent with the testimony of the petitioner and respondent's own witness, Officer McCall, at the time of trial. Dr. Murley testified that his work activities could be a contributing factor to his carpal tunnel. Appellant is simply making the same causal connection arguments that he made at the time of trial. As the court is aware in Berry, resolving conflicts in the evidence, drawing inferences from the testimony, and determining the credibility of witnesses and the weight to be given their testimony are the matters within the province of the industrial commission. Clearly, the arbitrator, the commissioner, and Judge McGlynn considered the testimony presented at the arbitration in this matter, including the petitioner, Dr. Murley, Officer McCall, and Dr. Strecker. At every level, it was felt that there was enough evidence to find a causal connection and arising out of the course of his employment. I would like to address the Baldwin case and try to distinguish that a little bit in this instance. I think there is a distinguishing factor between a layperson testifying as to whether or not there's water on her shoes causing her to slip and fall and a board-certified physician giving a medical causation opinion as to carpal tunnel. I'm going to ask that the case be affirmed. Thank you, Counselor Revello. The court will take the matter under advisement for disposition.